## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT FRANKFORT

*Filed Electronically*

| | |
|---|---|
| KEITH WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| RADIUS HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## PETITION FOR REMOVAL

Defendant Radius Health, Inc. (hereinafter "Radius"), by and through its undersigned counsel, hereby petitions this Court for removal of the above action from Franklin Circuit Court, Kentucky, to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff's suit alleges claims under one or more federal statutes and, therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332. All requirements for removal of this action are met through the allegations contained in the Complaint filed in Franklin Circuit Court and in this Petition for Removal.

In support of this Petition for Removal, Radius states as follows:

1. Pending in Franklin Circuit Court, Kentucky, is a Complaint, styled *Keith Williams v. Radius Health, Inc.*, Case No. 19-CI-00049 (the "State Court Action"). The Complaint in the State Court Action was filed on or about January 18, 2019.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant are attached hereto as Exhibit A.[1]

3. The Franklin Circuit Court is located within the Central Division at Frankfort of the Eastern District of Kentucky.

4. The Eastern District of Kentucky is the proper judicial district for removal as it embraces the place, Franklin County, where the action is currently pending.

5. Venue is proper under 28 U.S.C. § 1441(a) and because this Court is the United States District Court for the district and division corresponding to the place, Franklin County, where the action is pending.

6. This action is not an action described in 28 U.S.C. § 1445.

7. Radius has not filed an answer or otherwise responded to the Complaint. This Petition for Removal is filed within 30 days of the date upon which Radius first received a copy of the Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

8. A true and accurate copy of this Petition for Removal will be filed with the Clerk of the Franklin Circuit Court as required by law.

**Federal Question Jurisdiction Exists.**

9. The State Court Action is properly removed under 28 U.S.C. § 1441(a), (c) because federal question jurisdiction exists under the well-pleaded complaint rule.

10. A case filed in state court is removable only if it could have been brought in federal court originally. *Freitas v. McKesson Corp. (In re Darvocet, Darvon & Propoxyphene Prods. Liab Litig.)*, 889 F. Supp. 2d 931, 936 (E.D. Ky. 2012).

---

[1] Aside from the Civil Summons and Complaint, Radius has not been served with any other papers, pleadings or orders in this matter.

11.     Federal question jurisdiction exists in cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

12.     Whether a claim arises under federal law is governed by "the well-pleaded complaint rule, which dictates that federal question jurisdiction can only be established if a question of federal law is apparent *on the face* of a properly pleaded complaint."  *Foley v. Thompson*, 2013 U.S. Dist. LEXIS 69516, *5 (E.D. Ky. May 16, 2013) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (emphasis added).

13.     Here, the Complaint on its face unequivocally states that Plaintiff asserts a claim under a federal statute; specifically, Plaintiff expressly asserts a claim of violation of the Americans with Disabilities Act against Radius:

> 14.     Defendant has at all times been required to comply with the American with Disabilities Act, as amended (ADA-AA), and Kentucky Civil Rights Act (KCRA).
> …
> **Count I – ADA-AA**
> …
> 34.     Plaintiff was discriminated against because of his disability/perceived disability **in violation of the ADA-AA**.
>
> 35.      Plaintiff was fired because of his disability/perceived disability **in violation of the ADA-AA**.

(Ex. A, Complaint at ¶¶ 14, 34-35) (emphasis added).

14.     Thus, on its face, the Complaint states a federal claim under the Americans with Disabilities Act for alleged disability discrimination based on Plaintiff's separation of employment from Radius.  *See Foley*, 2013 U.S. Dist. LEXIS at *5 - 7 (holding that the case was properly removed based on federal question jurisdiction because the complaint on its face stated a claim under federal law).

15. In addition to Plaintiff's federal claim, the Complaint alleges a state law cause of action that also stems from the alleged termination of Plaintiff. Specifically, Plaintiff alleges disability discrimination in violation of the Kentucky Civil Rights Act, KRS § 344.040 (*See* Ex. A, Complaint at ¶ 37).

16. Plaintiff's state law claim may be decided by this Court pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(a) because Plaintiff's state-law claim is "so related" to his Americans with Disabilities Act claim that it "form[s] part of the same case or controversy." *Doe v. Walton Verona Bd. of Educ.*, 2012 U.S. Dist. LEXIS 136026, *5 (E.D. Ky. Sept. 24, 2012) (holding that because plaintiffs' state-law claims were so related to their federal claim that they formed part of the same case or controversy, the court had supplemental jurisdiction over the state-law claims).

17. Because there is removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), 28 U.S.C. § 1441(c) authorizes removal of the entire action.

### Diversity Jurisdiction Exists Between the Parties.

18. Alternatively, this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, diversity of citizenship, as this is a case that involves citizens of different states and exceeds the sum of value of $75,000, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

19. Upon information and belief, Plaintiff is, and was at the institution of this civil action, a citizen of the Commonwealth of Kentucky. (*See* Ex. A, Complaint ¶ 2).

20. Radius is not a citizen of Kentucky. In accordance with 28 U.S.C. § 1332(c)(1), Radius is now and was at the time of the commencement of this action a citizen of Delaware

with its principal place of business in Waltham, Massachusetts.  Accordingly, Radius is not now, and was not at the time the Complaint was filed, a citizen of the state of Kentucky.

21. Therefore, Plaintiff and Radius are citizens of different states under 28 U.S.C. § 1332.

22. Plaintiff's Complaint does not state an amount in controversy. The Court may look to this Notice of Removal to determine whether the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 553 (2014) (stating that the amount in controversy must be plausibly alleged through a "short and plain" statement and "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

23. If successful on his claims of disability discrimination, Plaintiff may recover actual damages, including damages for back pay, front pay, lost benefits, humiliation and embarrassment, and attorney's fees. *See Shupe v. Asplundh Corp.,* 2013 U.S. Dist. LEXIS 23716, at *5 (E.D. Ky. Feb. 21, 2013); *see also* 42 U.S.C. § 12117(a); KRS § 344.450.

24. Plaintiff seeks back pay, front pay, damages for humiliation, pain, and suffering, and attorneys' fees and costs.  (*See* Ex. A, Complaint at "wherefore" paragraphs).

25. Based on these combined damages – back pay, front pay, humiliation and embarrassment, attorney's fees – the amount in controversy more likely than not meets the statutory requirement for diversity jurisdiction.

26. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed by Radius herein pursuant to 28 U.S.C. § 1441(a).

27.　For all of the foregoing reasons, this action is removable in its entirety because it falls within this Court's federal question jurisdiction as set forth in 28 U.S.C. § 1331 or, in the alternative, diversity jurisdiction as set forth in 28 U.S.C. 1332, and meets all of the requirements for removal under 28 U.S.C. §§ 1441, 1446.

28.　By virtue of this Petition for Removal, Radius does not waive its rights to answer the Complaint, to assert any claims or defenses, or to make other motions related to Plaintiff's claims.

Respectfully submitted, this 7th day of February, 2019.

Respectfully submitted,

/s/ Amir J. Nahavandi
Donna King Perry
Amir J. Nahavandi
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
donna.perry@dinsmore.com
amir.nahavandi@dinsmore.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Petition for Removal** has been filed this 7th day of February, 2019, using the Court's ECF system, which will send a notice of electronic filing to the following counsel of record:

Christina Thomas Mazaheri
Morgan & Morgan
333 W. Vine St. Suite 1200
Lexington, Kentucky 40507
Telephone: (859) 286-8369
CMazaheri@forthepoeople.com
*Counsel for Plaintiff*

6

/s/ Amir J. Nahavandi
*Counsel for Defendant*

14455972v1